IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2007 JAN 25  P 3: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| DONTE TONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAIMLERCHRYSLER CORPORATION, | ) |
| a corporation, CHIP ELLIS CARS | ) |
| AMERICA INCORPORATED, a | ) |
| corporation, CHIP ELLIS, INC., a | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.

3: 07CU 73 - MEF

## ANSWER OF DEFENDANT DAIMLERCHRYSLER CORPORATION

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "Defendant") responds as follows in answer to plaintiff's Complaint, and each and every allegation therein:

### PRELIMINARY STATEMENT

Plaintiff's Complaint contains numerous legal conclusions and statements of law that require no response in this Answer. However, DaimlerChrysler in no way concedes the validity of the legal conclusions and statements of law contained in the plaintiff's Complaint, and expressly reserves the right to contest each and every legal conclusion and statement of law contained therein at the appropriate time.

### RESPONSE TO SUBSTANTIVE ALLEGATIONS

### STATEMENT OF PARTIES, JURISDICTION & VENUE

1.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

2.      Defendant admits that it is not an Alabama corporation. Defendant admits that it does business in this judicial district.

3.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

4.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

5.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

6.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

7.      Defendant admits that DaimlerChrysler was in the business of designing, manufacturing, importing, furnishing, and distributing and/or selling Chrysler Cirrus cars. Defendant denies the remaining allegations of this paragraph.

8.      To the extent the allegations in this paragraph can be construed against DaimlerChrysler, DaimlerChrysler denies the same. To the extent these allegations are directed to a party other than DaimlerChrysler, no response is required.

## STATEMENT OF FACTS

9.      DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff 's Complaint.

10.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

11.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

12.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

13.     Paragraph 13 contains legal conclusions and statements of law to which no response is required.  To the extent this allegation can be construed against DaimlerChrysler, DaimlerChrysler denies the same.

## COUNT I – ALABAMA EXTENDED MANUFACTURER LIABILITY DOCTRINE

14.     DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff's Complaint.

15.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

16.     Defendant admits that DaimlerChrysler was in the business of designing, manufacturing, importing, furnishing, and distributing and/or selling Chrysler Cirrus cars. Defendant denies the remaining allegations of this paragraph.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

## COUNT II- BREACH OF WARRANTY

21.     DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff's Complaint.

22.     Denied.

23.     Denied.

## COUNT III -NEGLIGENCE

24.     DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff 's Complaint.

25.     Paragraph 25 contains legal conclusions and statements of law to which no response is required.  To the extent this allegation can be construed against DaimlerChrysler, DaimlerChrysler denies the same.

26.     Denied.

27.     Paragraph 27 contains legal conclusions and statements of law to which no response is required.  To the extent this allegation can be construed against DaimlerChrysler, DaimlerChrysler denies the same.

28.     Denied.

## COUNT IV - WANTONNESS

29.     DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff 's Complaint.

30.     Denied.

31.     Denied.

## COUNT V – NEGLIGENT FAILURE TO WARN

32.     DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff 's Complaint.

33.     Denied.

34.     Denied.

## COUNT VI – WANTON FAILURE TO WARN

35.    DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff 's Complaint.

36.    Denied.

37.    Paragraph 37 contains legal conclusions and statements of law to which no response is required.  To the extent this allegation can be construed against DaimlerChrysler, DaimlerChrysler denies the same.

38.    Denied.

## COUNT VII – FICTITIOUS PARTY DEFENDANTS

39.    DaimlerChrysler incorporates herein by reference as though fully set forth herein, its responses to all of the preceding paragraphs of plaintiff 's Complaint.

40.    To the extent the allegations in this paragraph can be construed against DaimlerChrysler, DaimlerChrysler denies the same.  To the extent these allegations are directed to a party other than DaimlerChrysler, no response is required.

41.    To the extent the allegations in this paragraph can be construed against DaimlerChrysler, DaimlerChrysler denies the same.  To the extent these allegations are directed to a party other than DaimlerChrysler, no response is required.

The Wherefore paragraphs contained in plaintiff's Complaint set forth a demand to which no response is required.  To the extent a response is required, DaimlerChrysler denies that plaintiff is entitled to judgment.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

DaimlerChrysler denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim against DaimlerChrysler upon which relief can be granted.

### THIRD DEFENSE

DaimlerChrysler denies that any conduct on its part was the proximate cause of the plaintiff's claimed injuries.

### FOURTH DEFENSE

DaimlerChrysler denies that its conduct was in any manner negligent or wanton.

### FIFTH DEFENSE

DaimlerChrysler avers that the vehicle involved in the accident was substantially modified or altered after it left this defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of plaintiff's claimed injuries.

### SIXTH DEFENSE

DaimlerChrysler avers that all of the plaintiff's injuries and damages were caused by the acts or omissions of others for whom DaimlerChrysler owes no legal responsibility.

### SEVENTH DEFENSE

DaimlerChrysler denies that the plaintiff was injured or harmed in any way by any act or omission by DaimlerChrysler or any of its agents.

### EIGHTH DEFENSE

Any alleged non-conforming or defective condition of the subject vehicle was the result of abuse, neglect, modification or alteration of the vehicle that was not authorized by DaimlerChrysler.

### NINTH DEFENSE

DaimlerChrysler avers that plaintiff was guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

### TENTH DEFENSE

The claims alleged against DaimlerChrysler in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

### ELEVENTH DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute(s) of limitation(s) and/or statute or rule of repose.

### TWELFTH DEFENSE

DaimlerChrysler avers that plaintiff's injuries were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of plaintiff's injuries.

### THIRTEENTH DEFENSE

DaimlerChrysler avers that plaintiff misused the subject vehicle, or component parts thereof, and such misuse was the proximate cause of plaintiff's injuries.

### FOURTEENTH DEFENSE

DaimlerChrysler avers that plaintiff failed to heed any and all warnings.

### FIFTEENTH DEFENSE

Venue in this action is improper, or alternatively, more convenient in another forum.

### SIXTEENTH DEFENSE

DaimlerChrysler avers that the dangers to plaintiff were open and obvious.

### SEVENTEENTH DEFENSE

The Complaint fails to state any claim for which punitive damages can be awarded.

### EIGHTEENTH DEFENSE

Imposition of punitive damages against DaimlerChrysler in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### NINETEENTH DEFENSE

Any award of punitive damages based on anything other than DaimlerChrysler's conduct in connection with the sale of the specific vehicle that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this case cannot protect DaimlerChrysler against impermissible multiple punishment for the same wrong.  In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

### TWENTIETH DEFENSE

The procedure and methods asserted for awarding punitive damages against DaimlerChrysler in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

## TWENTY-FIRST DEFENSE

Any claim of punitive damages against DaimlerChrysler cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

## TWENTY-SECOND DEFENSE

Any claim of punitive damages against DaimlerChrysler cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

## TWENTY-THIRD DEFENSE

Unless both DaimlerChrysler's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate DaimlerChrysler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages against DaimlerChrysler cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate DaimlerChrysler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

## TWENTY-FIFTH DEFENSE

Any claim of plaintiff for punitive damages against DaimlerChrysler cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such

as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate DaimlerChrysler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-SIXTH DEFENSE

Any claim of plaintiff for punitive damages against DaimlerChrysler cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate DaimlerChrysler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-SEVENTH DEFENSE

The claims alleged against DaimlerChrysler, separately and severally, in the Complaint are barred by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that plaintiff's claims are expressly and impliedly preempted by federal law.

## TWENTY-EIGHTH DEFENSE

Any claim of plaintiff for punitive damages against DaimlerChrysler cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of DaimlerChrysler, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague

and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate DaimlerChrysler's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TWENTY-NINTH DEFENSE

Any claim of plaintiff for punitive damages against DaimlerChrysler cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate DaimlerChrysler's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## THIRTIETH DEFENSE

Any claim of plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate DaimlerChrysler's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel

and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### THIRTY-FIRST DEFENSE

Section 6-11-21, Code of Alabama, bars plaintiff's claims for punitive damages to the extent they exceed the section's $250,000 limit, which has been established by the Alabama Legislature as the outer limit of reasonableness for awards of punitive damages as a matter of public policy. The Alabama Supreme Court's action in striking down this legislative mandate was beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution; therefore, the action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### THIRTY-SECOND DEFENSE

Shortly after the Alabama Supreme Court publicly criticized its Henderson decision, the Alabama Legislature, by amending Ala. Code § 6-11-21, re-established the cap on the amount of punitive damages in a case involving injury to three times the compensatory damages awarded to the party claiming punitive damages, or $1,500,000.00, whichever is greater. Such amendment to this Code section was effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

### THIRTY-THIRD DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

### THIRTY-FOURTH DEFENSE

Pursuant to Ala. Code § 6-11-21, DCC is not liable for any portion of any award of punitive damages wherein there has been no express findings that DCC engaged in conduct as defined in Ala. Code § 6-11-20.  DCC is not jointly and severally liable to plaintiff for any award of punitive damages.

### THIRTY-FIFTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if plaintiff prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.  Accordingly, plaintiff is not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

### THIRTY-SIXTH DEFENSE

The plaintiff has failed to join necessary or indispensable parties.

### THIRTY-SEVENTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to DaimlerChrysler in this case.

### THIRTY-EIGHTH DEFENSE

DaimlerChrysler denies that the vehicle described in the Complaint was defective when the vehicle left the possession of DaimlerChrysler Corporation.

### THIRTY-NINTH DEFENSE

DaimlerChrysler avers that the plaintiff's claimed damages are the result of superseding and intervening acts other than the alleged defects in the subject vehicle.

### FORTIETH DEFENSE

DaimlerChrysler avers that the invitation for a court or jury to impose liability on DaimlerChrysler for a vehicle designed in conformance with the standards set by the United States government would deny DaimlerChrysler due process of law in violation of the Fourteenth Amendment to the United States Constitution and would be contrary to the public policy of Alabama and the United States.

### FORTY-FIRST DEFENSE

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

### FORTY-SECOND DEFENSE

DaimlerChrysler asserts as a defense, credit or set-off against the damages claimed by the plaintiff, the settlement (and any monies paid pursuant thereto) between the plaintiff and any other person or entity and also any monies paid to or on behalf of the plaintiff for injuries or damages suffered in the incident made the basis of this case by any source.

### FORTY-THIRD DEFENSE

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part by collateral sources.

14

### FORTY-FOURTH DEFENSE

DaimlerChrysler is entitled to a set-off of all amounts paid to the plaintiff by the defendants pursuant to pro tanto settlements. To the extent that any damages claimed by the plaintiff have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against DaimlerChrysler must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

### FORTY-FIFTH DEFENSE

DaimlerChrysler avers that the vehicle at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

(a)  It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control.

(b)  The vehicle was neither defective nor unreasonably dangerous.

(c)  The vehicle was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

(d)  The manufacture and design of the motor vehicle was well in keeping with the state of the art at the time of the manufacture of the vehicle.

### FORTY-SIXTH DEFENSE

Because there is a territorial limitation on punitive damages, any recovery of punitive damages for the purpose of punishing conduct outside the state of Alabama is unconstitutional.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred due to the doctrine of spoliation and plaintiff's failure to preserve crucial evidence.

### FORTY-EIGHTH DEFENSE

Defendant denies that it failed to warn plaintiff.

### FORTY-NINTH DEFENSE

Defendant denies that it breached any warranty to plaintiff, whether express or implied.

### FIFTIETH DEFENSE

Defendant denies that it was the "seller" of the product at issue in this lawsuit as that term is defined by Alabama Code § 7-2-103(1)(d), and therefore plaintiff cannot maintain a claim for breach of implied warranty against DaimlerChrysler.

### FIFTY-FIRST DEFENSE

To the extent DaimlerChrysler may be liable for breach of warranty, plaintiff's remedies are governed by and limited to the terms of DaimlerChrysler's express vehicle warranty.

### FIFTY-SECOND DEFENSE

Plaintiff's breach of warranty claims are barred due to plaintiff's failure to provide notice of the alleged defect to DaimlerChrysler.

### FIFTY-THIRD DEFENSE

DaimlerChrysler reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.

One of the Attorneys for Defendant
DaimlerChrysler Corporation

OF COUNSEL:
Michael L. Bell (BELLM6182)
J. Chandler Bailey (BAILC4526)
Natasha L. Wilson (WILSN6654)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this <u>25th</u> day of <u>January</u>, 2007, served the foregoing upon counsel of record for all parties to this proceeding, by placing a copy thereof in the United States Mail, first-class postage thereon prepaid and properly addressed as follows:

Walter E. McGowan
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083
*Attorney for Plaintiff*

Thomas P. Willingham
ALVIS & WILLINGHAM, LLP
Suite 475
Birmingham, AL  35242
*Attorney for Plaintiff*

Of Counsel

18