IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
EASTERN (OPELIKA) DIVISION

| | |
|---|---|
| Donte **TONEY** ) | |
| ) | Case No.: **3:07-cv-73-MEF-WC** |
| Plaintiff ) | |
| ) | Chief District Judge Mark E. Fuller |
| v. ) | Magistrate Judge Wallace Capel, Jr. |
| ) | |
| **DAIMLERCHRYSLER CORP.** ) | |
| **CHIP ELLIS CARS AMERICA, INC.** ) | |
| **CHIP ELLIS, INC.** ) | ***Hearing Is Not Necessary*** |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION TO STAY**

  Comes now Plaintiff Donte Toney, who moves this Honorable Court to stay all proceedings and withhold all rulings on any motions or other matters now pending or hereafter filed until the Court resolves the issue of whether this Court has federal subject matter jurisdiction. On December 11, 2006, Plaintiff filed this Alabama law personal injury products liability suit in the Circuit Court of Macon County [CV-06-244] ("State Court"). On January 25, 2007, it was removed to this Court by one of the Defendants, DaimlerChrysler Corporation, purportedly pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1446. In the very near future (*i.e.,* within the 30 day time-period permitted by law), Plaintiff will file a motion to remand, which will show that this Court does not have federal subject matter jurisdiction and that the case should be remanded back to State Court.

  The U.S. Supreme Court has held that motions concerning the propriety of its subject matter jurisdiction take precedence over dispositive motions and any other motions that do present jurisdictional questions.[1] This is because "jurisdiction is a threshold inquiry that [a court is] required to consider before addressing the merits of any claim."[2] A motion to remand that asserts a lack of subject matter jurisdiction falls in this category.[3] As such, the Plaintiff's forthcoming motion to

---

[1] Ruhrgas AG v. Marathon Oil, 526 U.S. 574 (1999); *see also* Walker v. Savell, 335 F.2d 536, 537 (5th Cir. 1964); Amoco Chemical Co. v. Tex Tin Corp., 902 F.Supp. 730 (S.D.Tex. 1995); Alpine View Co. Ltd. v. Atlas Copco ab, 205 F.3d 208 (5th Cir. 2000). The only exception is that federal courts should resolve motions questioning the personal jurisdiction before motions questioning subject matter jurisdiction. *See* Ruhrgas AG, *supra*.

[2] Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002).

[3] *See* Walker, 335 F.2d at 537; Amoco Chemical, *supra*; Alpine View, *supra*; Nichols v. S.E. Health Plan of Alabama, 859 F.Supp. 553 (S.D.Ala. 1993).

1

remand should be resolved before any non-jurisdictional motion or other matter hereafter filed by any party. If the case is remanded, the State Court will resolve all such issues.[4]

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court to STAY all matters in this case until the Court resolves the issue of federal subject matter jurisdiction.

*** No Hearing Is Necessary on This Motion **

Respectfully submitted,

/s/ Thomas P. Willingham
Thomas P. Willingham (WIL156)

*OF COUNSEL:*
ALVIS & WILLINGHAM, LLP
1400 Urban Center Drive; Suite 475
Birmingham, Alabama 35242
Phone: (205)298-1011
Facsimile: (205)298-1012
twillingham@alvisandwillingham.com

*ALSO REPRESENTING PLAINTIFF*:
Walter E. McGowan, Esq. (MC016)
GRAY, LANGFORD, SAPP,
MCGOWAN, GRAY & NATHANSON
Post Office Box 830239
Tuskegee, Alabama 36083
Phone: (334)727-4830
Fax: (334)727-5877
wem@glamgn.com

**Certificate of Service**

I hereby certify that on this the 1st day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Joel Chandler Bailey, II, Esq. (cbailey@lfwlaw.com); Michael Lester Bell, Esq. (mbell@lfwlaw.com); and Natasha Lynke Wilson, Esq. (nwilson@lfwlaw.com)

/s/ Thomas P. Willingham
*OF COUNSEL*

---

[4] *See* 28 U.S.C. §1447 (after remand, "[t]he State court may thereupon proceed with such case"); *see also* Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997)(while holding that remand was proper, commenting that "we express no view of the ultimate outcome on the merits").