IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
EASTERN (OPELIKA) DIVISION

| | |
|---|---|
| Donte **TONEY** ) | |
| ) | Case No.: **3:07-cv-73-MEF-WC** |
| Plaintiff ) | |
| ) | Chief District Judge Mark E. Fuller |
| v. ) | Magistrate Judge Wallace Capel, Jr. |
| ) | |
| **DAIMLERCHRYSLER CORP.** ) | |
| **CHIP ELLIS CARS AMERICA, INC.** ) | |
| **CHIP ELLIS, INC.** ) | **\*\*Oral Argument Not Requested\*\*** |
| ) | |
| Defendants ) | |

NOTICE OF SERVICE
&
RESERVATION OF OBJECTION
TO SUBJECT MATTER JURISDICTION

Comes now Plaintiff Donte Toney, who gives the Court and the parties notice that, simultaneously with the filing of this notice, he has presented the Clerk of this Honorable Court a summons and a copy of the complaint to be served on two Defendants, Chip Ellis Cars America, Inc. and Chip Ellis, Inc., who remain unserved. But in doing so, he does not waive his right to contest subject matter jurisdiction, which he does by filing a timely motion to remand herewith.

1. On December 11, 2006, Plaintiff filed the subject Alabama state law personal injury product liability complaint in the Circuit Court of Macon County [CV-06-244] ("State Court") against three Defendants: (1) Chip Ellis Cars America, Inc.; (2) Chip Ellis, Inc.; and (3) DaimlerChrysler Corporation. (*See* Doc.1, Ex.A)

2. On the same date, Plaintiff furnished the Clerk of the State Court with sufficient copies of the summons and complaint as well as instructions to serve all of the Defendants by certified U.S. Mail pursuant to A.R.C.P. 4(a), (c)(6), and (i)(2). (*See* Doc.1, Ex.A)

3. On January 25, 2007, this case was unilaterally removed to this Court by Defendant

DaimlerChrysler without the consent of Chip Ellis Cars America, Inc., Chip Ellis, Inc., or the Plaintiff.

4. Although Defendant DaimlerChrysler was served by the certified mail service issued by the State Court, the certified mail service issued to Chip Ellis Cars America, Inc. and Chip Ellis, Inc. was returned to the State Court Clerk as "undeliverable."

5. Plaintiff **does not** consent to subject matter jurisdiction and, with the filing of this notice, files his motion to remand, which shows that this Court does not have federal subject matter jurisdiction and that the case should be remanded back to State Court.

6. In the meantime, however, both F.R.C.P. 4(m) and A.R.C.P. 4(b) require Plaintiff to perfect service within 120 days of filing the complaint.

7. Because Plaintiff does not want to run the risk that the 120 day period for service will expire before the remand/jurisdictional issues are adjudicated, Plaintiff gives notice to the Court and the parties that by asking this Court to serve Defendants Chip Ellis Cars America, Inc. and Chip Ellis, Inc. that he **does not** consent to federal subject matter jurisdiction. *See* Benjamin v. Natural Gas Pipeline Company of America, 793 F.Supp. 729 (S.D. Tex. 1992)(plaintiff cannot waive right to remand if they filed their motion to remand within the 30 days provided by 28 U.S.C. § 1447(c)); Medlin v. Andrew, 113 F.R.D. 650 (M.D.N.C. 1987)("[w]here the plaintiff has filed a timely motion for remand, the Court will not infer waiver by plaintiff's participating in the action either offensively or defensively" because "[i]n that situation, everyone has been put on notice of plaintiff's intention so they may take steps to protect their interests"); *and compare* Lapoint v. Mid-Atlantic Settlement Services, Inc., 256 F.Supp.2d 1 (D.D.C. 2003)(plaintiff does not waive right to assert remand for lack of subject matter jurisdiction by engaging in offensive or defensive litigation, such as engaging in limited discovery; "[w]hile courts have denied motions for remand when a plaintiff has litigated

2

the substance of its claim via a motion for summary judgment or a trial, the plaintiffs in this case have not litigated the substance of their claims"); *with* St. Louis Home Insulators v. Burroughs Corp., 597 F.Supp. 98 (E.D.Mo.1984)(plaintiff waived right to pursue remand when he delayed filing motion to remand for a period of at least one-half a year, participated in discovery, entered into confidentiality agreements, engaged in a jury trial, and only filed the motion when it appeared that defendant's motion for summary judgment would be granted); *and* Meadows v. Bicrodyne Corp., 559 F.Supp. 57 (N.D.Cal.1983), *aff'd*, 785 F.2d 670 (9th Cir.1986)(plaintiff waived right to pursue remand when he waited six months after removal and made multiple appearances before the court).

Respectfully submitted,

/s/ Thomas P. Willingham
Thomas P. Willingham (WIL156)

*OF COUNSEL:*
ALVIS & WILLINGHAM, LLP
1400 Urban Center Drive; Suite 475
Birmingham, Alabama 35242
Phone: (205)298-1011
Facsimile: (205)298-1012
twillingham@alvisandwillingham.com

*ALSO REPRESENTING PLAINTIFF*:
Walter E. McGowan, Esq. (MC016)
GRAY, LANGFORD, SAPP,
MCGOWAN, GRAY & NATHANSON
Post Office Box 830239
Tuskegee, Alabama 36083
Phone: (334)727-4830
Fax: (334)727-5877
wem@glamgn.com

**Certificate of Service**

I hereby certify that on this the ___ day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Joel Chandler Bailey, II, Esq. (cbailey@lfwlaw.com); Michael Lester Bell, Esq. (mbell@lfwlaw.com); and Natasha Lynke Wilson, Esq. (nwilson@lfwlaw.com)

/s/ Thomas P. Willingham
***OF COUNSEL***

3